IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bilal Al-Haqq, | ) | Civil Action No. 2:24-04282-DCC-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lt. Fleming, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Bilal Al-Haqq ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil action on August 5, 2024, seeking relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. On March 2, 2026, Defendants filed a Motion for Summary Judgment. (Dkt. No. 81.) The next day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 82.) Plaintiff's response was due by April 3, 2026, and he failed to respond to the motion.

On April 13, 2026, the Court issued an Order extending the deadline for Plaintiff to file a response to Defendants' Motion to April 30, 2026. (Dkt. No. 85.) Plaintiff was specifically advised that if he failed to respond, this action could be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id*.) Plaintiff then moved for another extension of his response deadline, which the Court granted. (Dkt. Nos. 97; 88.) Plaintiff's response was due by June 3, 2026, and he has still failed to respond to the motion.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of

1

Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920

(4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

 IT IS SO RECOMMENDED.

June 8, 2026
Charleston, South Carolina

          MARY GORDON BAKER
          UNITED STATES MAGISTRATE JUDGE

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).